UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL GRONCKI,<br><br>                Plaintiff,<br><br>      v.<br><br>AT&T MOBILITY LLC,<br><br>                Defendant. | Civil Action 08-02016  (HHK) |

**MEMORANDUM OPINION**

Paul Groncki brings this action under section 806 of the Corporate and Criminal Fraud Accountability Act of 2002 ("Sarbanes-Oxley" or "SOX"), 18 U.S.C. § 1514A, alleging that his employer, AT&T Mobility LLC ("AT&T") unlawfully terminated him in retaliation for his engagement in activity protected under SOX.  AT&T moves to dismiss this suit on the grounds that (1) Groncki's claim is barred by *res judicata*, or (2) Groncki's complaint failed to state a claim upon which relief could be granted [#6].[1]  Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion should be granted.

**I.  BACKGROUND**

Groncki worked for AT&T as a site selection specialist until his termination on

---

[1] AT&T's motion also included a motion to strike Groncki's demand for punitive damages [#6 at ¶ 3].  The issue is moot, however, because Groncki has withdrawn his request for punitive damages [#12 at ¶ 3].

September 15, 2007.[2]  As a site selection specialist, Groncki was responsible for seeking out new locations for AT&T retail stores and developing the lease terms for those locations.

The relevant facts in this case arose while Groncki was involved in negotiations regarding a potential retail store in Washington, D.C.  Groncki opposed the proposed real estate transaction and he states that he voiced concerns to his supervisors that the transaction amounted to fraudulent activity.  He was subsequently terminated.  Groncki alleges that his actions in trying to curtail the transaction constituted protected activity under section 806 of Sarbanes-Oxley and that his termination was a direct result of this protected activity.  After his termination, Groncki filed a complaint with the United States Occupational Safety and Health Administration ("OSHA") alleging that he was unlawfully terminated in retaliation for activity protected by SOX.

As provided by SOX, the resulting proceeding was governed by the procedures set out in 49 U.S.C. § 42121(b)(4).  *See* 18 U.S.C. § 1514A(b)(2)(A) ("An action under paragraph (1)(A) shall be governed under the rules and procedures set forth in section 42121(b) of title 49, United States Code.").  Under this section, a person who believes he has been unlawfully discharged may file a complaint with the Department of Labor and an administrative proceeding will ensue.  49 U.S.C. § 42121(b).  This section also provides for judicial review of the final administrative order in an appropriate United States Court of Appeals.  49 U.S.C. § 42121(b)(4) ("Any person adversely affected or aggrieved by an order issued under paragraph (3) may obtain review of the order in the United States Court of Appeals for the circuit in which the violation, with respect to which the order was issued, allegedly occurred or the circuit in which the complainant resided on the date of such violation.").  SOX also provides that if the Secretary does not resolve the

---

[2]  Because this is a motion to dismiss, the facts are drawn from the complaint.

complaint within 180 days, the complainant may seek resolution of the claim(s) in federal district court. *See* 18 U.S.C. § 1514A(b)(1) ("A person who alleges discharge or other discrimination by any person in violation of subsection (a) may seek relief under subsection (c), by– (A) filing a complaint with the Secretary of Labor; or (B) if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy").

OSHA dismissed Groncki's complaint on February 20, 2008. Thereafter, Groncki appealed the dismissal to the Department of Labor Office of Administrative Law Judges and requested a formal hearing before an administrative law judge as contemplated by 49 U.S.C. § 42121(b). A formal hearing was conducted on June 9-10, 2008, during which both parties presented testimony, evidence, and oral arguments. On September 17, 2008, the administrative law judge dismissed the complaint. The dismissal order became final on October 10, 2008. Groncki did not appeal the final decision to an appropriate United States Court of Appeals as permitted by 18 U.S.C. § 1514A(b)(2)(A) and 49 U.S.C. § 42121(b)(4).

Instead, on October 15, 2008, Groncki filed a Notice of Filing in Federal Court with the Department of Labor Office of Administrative Law Judges indicating his intention to file a claim in the United States District Court for the District of Columbia. Groncki filed a complaint in this Court on November 21, 2008 on the basis of federal question and diversity jurisdiction, and because OSHA did not issue a final decision within 180 days of Groncki's complaint. *See* 18 U.S.C. § 1514A(b)(1)(B).

## II. ANALYSIS

"'[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.'" *Atherton v. Dist. of Columbia Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "'So long as the pleadings suggest a "plausible" scenario to "sho[w] that the pleader is entitled to relief," a court may not dismiss.'" *Id.* (quoting *Tooley v. Napalitano*, 556 F.3d 836, 839 (D.C. Cir. 2009)).

AT&T argues that Groncki's claims in this Court are precluded by res judicata. "Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971)). The Supreme Court has held that judgments of administrative agencies should be given preclusive effect if the agency was acting in a judicial capacity, such as in cases where the agency provides a full and fair opportunity to litigate the claim. *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 797-98 (1986); *see also United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966).

The question before the Court is whether Groncki's claims are barred by res judicata or whether SOX permits him to proceed despite the issuance of the final administrative opinion. It is undisputed that the Secretary did not issue a final decision within 180 days. Thus, Groncki would have been within his rights to file this suit after the 180 day period, but before the final decision was issued. *See Hanna v. WCI Cmtys, Inc.*, 348 F. Supp. 2d 1322 (S.D. Fla. 2004)

(plaintiff permitted to bring a SOX whistleblower claim in district court because the agency did not reach a final decision within 180 days of the filing of the administrative complaint and no final decision was reached by the agency before the plaintiff brought suit in federal district court). It is also undisputed, however, that the Secretary did issue a final decision before Groncki filed the instant suit.  Thus, the Court must resolve whether Groncki is precluded by res judicata from filing suit in federal district court *after* the agency reached a final decision, even if the final decision was issued *after* the 180 period.

      AT&T contends that because Groncki received a final order from the administrative proceeding, albeit more than 180 days from the filing of the complaint, he was required to appeal the decision to the appropriate United States Court of Appeals rather than instigating a collateral attack in district court.  Groncki argues, on the other hand, that if the agency does not resolve a complaint with a final decision within 180 days, the complainant may file suit in federal district court whether or not the agency ultimately issues a final decision.  While the statutory text itself may seem to permit Groncki's action, the Secretary's interpretation of the statute and ensuing regulations, res judicata principles, and the purpose of the SOX provision lead the Court to conclude that Groncki's suit is barred.

      First, the Secretary of Labor has interpreted section 806 of SOX to not allow an action in district court *after* the agency has issued a final order.  In the preamble to regulations issued pursuant to SOX, which explain how the Department of Labor will handle discrimination complaints pursuant to that law, the Secretary states, with respect to the provision allowing suit in district court:

> . . . the [provision allowing complainants to bring an action in district court for de novo review if there has been no final decision of the Secretary within 180 days of the filing of the complaint] is unique among the whistleblower statutes administered by the Secretary.  This statutory structure creates the possibility that a complainant will have litigated a claim before the agency, will receive a decision from an administrative law judge, and will then file a complaint in Federal court while the case is pending on review by the Board.  The Act might even be interpreted to allow a complaint to bring an action in Federal court after receiving a final decision from the Board, if that decision was issued more than 180 days after the filing of the complaint.  The Secretary believes that it would be a waste of the resources of the parties, the Department, and the courts for complainants to pursue duplicative litigation.  The Secretary notes that the courts have recognized that, when a party has had a full and fair opportunity to litigate a claim, an adversary should be protected from the expense and vexation of multiple lawsuits and that the public interest is served by preserving judicial resources prohibiting subsequent suits involving the same parties making the same claims. When an administrative agency acts in a judicial capacity and resolves disputed issues of fact properly before it that the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply the principles of issue preclusion (collateral estoppel) or claim preclusion (res judicata) on the basis of that administrative decision.  Therefore, the Secretary anticipates that Federal courts will apply such principles if a complainant brings a new action in Federal court following extensive litigation before the Department that has resulted in a decision by an administrative law judge or the Secretary. . . .

*Procedures for the Handling of Discrimination Complaints Under Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act of 2002*, 68 Fed. Reg. 31860, 31863 (2003) (internal citations omitted).  The Secretary's interpretation is entitled to deference because it amounts to the agency's construction of its own statute and regulations.  *See Fed. Express Corp. v. Holowecki,* 128 S.Ct. 1147, 1155 (2008) ("Just as we defer to an agency's reasonable interpretations of the statute when it issues regulations in the first instance, the agency is entitled to further deference when it adopts a reasonable interpretation of regulations it has put in force.").

In addition to the Secretary's interpretation, at least one district court has interpreted SOX to preclude actions in district court after the Secretary of Labor has issued a final order.  *See Tice v. Bristol-Myers Squibb Co.*, 515 F. Supp. 2d 580, 599 (W.D. Pa. 2007), *aff'd*, No. 07-3977, 2009 WL 943838 (3d Cir. April 8, 2009) ("Congress has clearly indicated its intent that final orders of the Secretary of Labor . . . for which review could have been obtained by an appeal to a court of appeals cannot be collaterally attacked.").  While in *Tice* the 180-day provision was not at issue, the court's reasoning is instructive.  In *Tice*, the court concluded that the plaintiff was barred from bringing a Title VII or Age Discrimination in Employment Act claim because she had already litigated the same claim under section 806 of SOX.  *Id*. at 600.  The court noted that the administrative law judge's decision regarding the SOX claim qualified for preclusive effect because the plaintiff was bringing the same factual claim to the district court that the administrative law judge had considered, the parties were the same in both suits, the administrative proceeding resulted in a final order, and the administrative proceeding provided the parties with a full and fair opportunity to litigate the plaintiff's claim.  *Id.* at 593-94.

The same principles apply here.  Groncki's claim is barred by *res judicata* because the final order of the agency must be given preclusive effect.  Groncki does not dispute that his claim involves the same parties and the same claim that was resolved by a final order of the administrative law judge.  Furthermore, the administrative proceedings were judicial in nature and included a formal hearing on Groncki's claim.  *See id*. at 594 (an administrative proceeding is judicial in nature if it provides a full and fair opportunity to litigate the claim).  Indeed, Groncki has not even suggested that he was not given the opportunity to fully and fairly litigate his claim during the administrative proceedings.

Moreover, Groncki's interpretation would lead to absurd results and would run counter to the purpose of the SOX provision. It would allow plaintiffs to wait for a final decision from the administrative law judge, and then decide whether to seek judicial review in federal district court or in the appropriate United States Court of Appeals. If the agency reached the final decision more than 180 days after the filing of the complaint, the plaintiff could keep the final decision (if it was favorable), appeal to the appropriate United States Court of Appeals (as anticipated and permitted by SOX), or could start the process over again entirely by seeking de novo review of the final decision in federal district court, which is otherwise not permitted. This would allow a plaintiff more avenues to appeal an adverse decision if the decision was reached after 180 days than a plaintiff would have if the decision was reached within 180 days. Furthermore, it would provide de novo review of the agency's resolution of the complaint in federal district court rather than de novo review of the unresolved claim. The statutory text clearly allows de novo review of the unresolved claim in federal district court, or review of the agency's entire process in the appropriate United States Court of Appeals.

The purpose of 18 U.S.C. § 1514A(b)(1)(B), in allowing a plaintiff to go to federal district court if a final decision has not been reached within 180 days, is to encourage a timely resolution of the complainant's claim. If the agency responds to the complaint too slowly, the plaintiff may seek redress in district court; if the agency acts within 180 days, the plaintiff may appeal an unfavorable decision to the applicable United States Court of Appeals. 18 U.S.C. § 1514A(b)(2)(A); 49 U.S.C. § 42121(b)(4). Nowhere does the statute contemplate de novo review of a final administrative order in district court, and Groncki has pointed to no statutory authority or case law to support his unpersuasive statutory interpretation that he should be able to

collaterally attack the administrative law judge's final order in this Court. Accordingly, Groncki's claim, having been previously adjudicated by the Department of Labor, is precluded in this Court.

### III.  CONCLUSION

For the foregoing reasons, AT&T's motion to dismiss with prejudice is granted. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.
United States District Judge

Dated: August 4, 2009